HARRY BRANDORFF, Respondent, *v.* RODGERS & HAGERTY, INC., Appellant.

First Department, February 4, 1921.

**Railroads — action for injuries received while walking on track by being struck by locomotive — verdict contrary to law of case laid down in charge.**

In an action for personal injuries the plaintiff claimed that, while walking south upon a track upon which trains had theretofore been run in a northerly direction, there being two tracks for the operation of trains, he was struck in the back by a locomotive because of the negligent operation thereof by the defendant's employees. The court charged the jury that the burden rested on the plaintiff to prove " that the track on or near which he was injured was not in general use, or if used was used for trains only going in the opposite direction to that in which the plaintiff was walking."

*Held*, on all the evidence, that a verdict for the plaintiff was contrary to the law of the case as laid down by the court in its charge.

APPEAL by the defendant, Rodgers & Hagerty, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of July, 1920, upon the verdict of a jury for $22,500, subsequently reduced to $14,500 on stipulation, and also from an order entered in said clerk's office on the 22d day of July, 1920, denying defendant's motion for a new trial made upon the minutes.

*Bertrand L. Pettigrew* of counsel [*W. L. Glenney* with him on the brief], for the appellant.

*William Godnick* of counsel [*Jay S. Jones* and *Fred Francis Weiss* with him on the brief; *Bick, Godnick & Freedman,* attorneys], for the respondent.

PAGE, J.:

The action was to recover damages for injuries sustained by the plaintiff by reason of the alleged negligent operation of a locomotive by defendant's employees on the site of the "Army Base " in Brooklyn.

The plaintiff's claim was that he was struck in the back of the right leg by a locomotive while walking south upon a track upon which trains theretofore had been run in a north-

erly direction, and that there were two tracks for the operation of trains. The testimony of the defendant's witness was to the effect that the plaintiff was walking close to the track in a northerly direction with his head down and was struck in front by the locomotive. The proof very strongly preponderated in favor of the defendant. It appeared from photographs, one taken seven days before and the other eight days after the accident, that there was only a single track upon which trains were operated in both directions. The testimony of the plaintiff and his witness Feingold is almost unintelligible, by reason of their lack of knowledge of the English language. Some of their testimony was given through an interpreter; had all of it been so taken, a much better result would have been obtained.

The court charged the jury that the burden rested upon the plaintiff to prove " that the track on or near which he was injured was not in general use, or if used was used for trains only going in the opposite direction to that in which the plaintiff was walking." It was proved that there was a main track running from the dump at Sixty-ninth street northerly to a point about 300 feet beyond a switch; that from the switch a branch track ran in a southeasterly direction into an excavation; that cars loaded with dirt were drawn up from the excavation by two locomotives, one in front of the other, and when the train was upon the main track one engine was disconnected and an engine coming from the dump was attached to the front of the train and it was taken to the dump with one engine in front and one behind. The unattached locomotive then returned by the branch track to the excavation. There was no unused track nor were there two tracks on one of which the trains operated only in one direction. The verdict for the plaintiff was, therefore, contrary to the law of the case as laid down by the court in its charge.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.